May Term,
1853.

THE STATE
v.
SHOEMAKER.

---

THE STATE v. SHOEMAKER.

An indictment against a licensed grocer, founded on sec. 95, ch. 53, R. S. 1843, for vending spirituous liquor to a minor, alleged that the liquor was sold to the minor "without the consent of his parent," omitting the words "or guardian." *Held*, that a motion to quash for this omission was improperly sustained.

Thursday,
May 26.

ERROR to the *Posey* Circuit Court.

STUART, J.—Indictment against a licensed grocer for vending spirituous liquor to a minor, without the consent of his parent, &c.

Motion to quash in the Circuit Court sustained.

The indictment professes to meet the requisitions of

s. 95, c. 53, of the R. S. 1843. It is objected that the language of that section is not followed. The statute reads, that if a licensed grocer, &c., "sell, &c., to a minor, without the consent of his parent *or guardian*." The indictment runs, "without the consent of his parent," omitting the words, "or guardian."

It is possible that one or both of the minor's parents were dead—possible that he had a guardian. But the presumption in favor of the parent being alive and competent to discharge the duties which that position imposes, may be fairly indulged. It is not necessary that the indictment should negative every conceivable fact which might change the character of the offence. 7 Blackf. 468. In this case, as in that, the objection may possibly apply to the evidence, and avail the defendant on the trial. But there is sufficient on the face of the indictment to put the defendant to answer. The motion to quash should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. L. Robinson*, for the state.
*J. Pitcher*, for the defendant.